IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| James Robert Thomas,<br><br>                Plaintiff,<br><br>    vs.<br><br>Carolyn W. Colvin,<br>Commissioner of Social Security,[1]<br><br>                Defendant. | Civil Action No. 6:12-2002-SB-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

       This case is before the court for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) DSC, concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[2]

       The plaintiff brought this action pursuant to Sections 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claim for supplemental security income benefits under Title XVI of the Social Security Act.

       The plaintiff filed an application for supplemental security income benefits on January 9, 2008.  The application was denied initially and on reconsideration by the Social Security Administration.  The plaintiff requested a hearing.  The administrative law judge ("ALJ"), before whom the plaintiff and an impartial vocational expert appeared on June 16, 2010, considered the case *de novo*, and on July 26, 2010, found that the plaintiff was not under a disability as defined in the Social Security Act, as amended.  The ALJ's finding became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on March 18, 2011.

       The plaintiff filed this action for judicial review on July 18, 2012. On March 16, 2013, the plaintiff filed a brief in support of his case.  On April 12, 2013, the Commissioner

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013.  Pursuant to Fed.R.Civ.P. 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this case.

[2] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

moved this court to enter a judgment with an order of reversal and remand of the cause to the Commissioner for further administrative proceedings. Under sentence four of 42 U.S.C. § 405(g), the court has power to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." *Shalala v. Schaefer*, 509 U.S. 292, 296-98 (1993).

The Commissioner states in the motion for remand that, after further review of the transcript in this case, the case should be remanded for further consideration of the plaintiff's claim. Accordingly, if the court grants the motion, the agency's Appeals Council will remand the case to an ALJ for a *de novo* hearing and a new decision on the plaintiff's application for disability benefits. Specifically, the Commissioner states that the ALJ will be instructed to:

> • evaluate the medical source opinion from Jonathon Simons, Ph.D., along with all of the medical evidence of record;
>
> • evaluate the severity of the plaintiff's mental impairments, residual functional capacity, and, if warranted, obtain supplemental vocational expert testimony.

(doc. 21-1).

The plaintiff filed no opposition to the motion. The Commissioner has contacted the plaintiff's counsel, Beatrice Whitten, who stated that she would consent to the motion to remand (doc. 21 at p. 1).

For the foregoing reasons, it is recommended that the district court grant the Commissioner's motion to remand (doc. 21), the Commissioner's decision be reversed, and the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action as set forth above.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

April 12, 2013
Greenville, South Carolina